**Kenneth R. Davis II**, OSB No. 971132
davisk@lanepowell.com
**LANE POWELL** PC
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **NORPAC FOODS, INC.**, an Oregon corporation,<br><br>                            Plaintiff,<br><br>v.<br><br>**MICRO FOCUS (US), Inc.**, a Delaware corporation,<br><br>                            Defendant. | Case No. _____<br><br>COMPLAINT FOR DECLARATION OF NON-INFRINGEMENT OF COPYRIGHT<br><br>Demand for Jury Trial |

Plaintiff NORPAC Foods, Inc. ("Plaintiff" or "NORPAC") seeks declaratory relief against defendant Micro Focus (US), Inc. ("Defendant" or "Micro Focus") of non-infringement of copyright or, in the alternative, a declaration regarding the amount of damages flowing from such alleged infringement, if any. To support its claims for declaratory relief, NORPAC alleges as follows:

PAGE 1 -   COMPLAINT FOR DECLARATORY RELIEF

## JURISDICTION AND VENUE

1.      This action arises under the Copyright Act of 1976, 17 U.S.C. §§ 106 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201(a). Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2.      This Court has personal jurisdiction over Micro Focus because, among other things, upon information and belief, Micro Focus does business and has done business, including the distribution or sale of products or services within the state of Oregon under the license agreement that is the basis for the copyright claims at issue in this litigation; has engaged in acts or omissions within this state causing injury therein; has engaged in acts or omissions outside of this state causing injury within this state; has manufactured or distributed products or services used or consumed within this state in the ordinary course of trade; or has otherwise made or established contacts within this state sufficient to permit the exercise of personal jurisdiction.

3.      Venue lies in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to NORPAC's claims occurred within this district.

## PARTIES

4.      NORPAC is a corporation organized and existing under the laws of the state of Oregon, with its principal place of business in Stayton, Oregon.

5.      NORPAC is informed and believes that Micro Focus (US) Inc. is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in Rockville, Maryland.

## FACTUAL BACKGROUND

6.      NORPAC was founded in 1924, and is an innovative food service company. Since its founding, NORPAC has grown from a small group of Oregon farmers to a national farmer cooperative and processor of premium quality vegetable and fruit products.

7.      Upon information and belief, Micro Focus provides software for business applications in the United States and internationally.

PAGE 2 -   COMPLAINT FOR DECLARATORY RELIEF

8. In the mid-1990's, NORPAC began licensing software from Micro Focus to use with a variety of its applications for payroll, inventory, quality control, and invoicing. NORPAC has used the Micro Focus software since this time.

9. In June 2012, Micro Focus approached NORPAC to conduct a review of NORPAC's software usage. After that review, Micro Focus claimed that NORPAC was not in compliance with the license terms, and had not been in compliance since August 2006.

10. Micro Focus claimed that it unilaterally changed the terms of the license between the parties in August 2006, and that NORPAC allegedly accepted those terms pursuant to a "click-through" agreement. According to Micro Focus, after August 2006, NORPAC was required to hold separate licenses for each server on which it used Micro Focus software. Previously, NORPAC was not required to hold such a license. At no time did Micro Focus specifically alert NORPAC of this significant change in license terms. Despite the alleged change of license terms in August 2006, Micro Focus continued to accept payments from NORPAC consistent with its prior license arrangement.

11. As a result of its review in August 2012, Micro Focus sent NORPAC a worksheet entitled "Calculation of Compliance Charges," which purported to identify all amounts of money demanded by Micro Focus to bring NORPAC into compliance with the alleged terms of the license. The amount sought by Micro Focus was $958,996.

12. After NORPAC pointed out some basic fundamental errors and misassumptions contained in Micro Focus' calculations, Micro Focus submitted a new "Calculation of Compliance Charges" worksheet. This time, Micro Focus demanded $421,544. This amount included amounts for "back usage" licensing, maintenance (support) fees, interest, and "go forward" licensing and maintenance.

13. Since receiving Micro Focus' demands, NORPAC has repeatedly requested an explanation of the basis for Micro Focus' position, both with respect to the alleged violation of license terms, as well as the calculation of Micro Focus' demand for damages. Despite repeated

PAGE 3 -    COMPLAINT FOR DECLARATORY RELIEF

requests, Micro Focus has refused to provide information sufficient to allow NORPAC to analyze the validity (or lack thereof) of Micro Focus' demands.

14. For example, NORPAC requested documentation that (i) supports Micro Focus' contention that NORPAC accepted the alleged new license terms through a "click-through" acceptance; (ii) shows how NORPAC allegedly violated the license terms; and (iii) explains the basis for and calculations regarding the claim that NORPAC should be responsible for the charges sought by Micro Focus including, but not limited to, maintenance charges where such payments appear not to be required by the terms of the license. Micro Focus refused to provide any information.

15. NORPAC also informed Micro Focus that six years had passed since NORPAC allegedly first became non-compliant. In June 2007, NORPAC purchased additional licenses from Micro Focus. At that time, Micro Focus neither requested a review of NORPAC's license model nor raised any issue about compliance or changes in license terms. NORPAC requested Micro Focus to provide an explanation for its inaction. Micro Focus again refused to do so.

16. Relating to this delay, NORPAC additionally pointed out that it had been paying maintenance fees to Micro Focus through the disputed time period. Micro Focus never raised any issue of compliance, and continued to accept NORPAC's payments. Again, NORPAC requested Micro Focus to respond to this issue, and Micro Focus refused to do so. Further, Micro Focus refused to even confirm whether it would credit past payments of maintenance fees against the amount of maintenance fees allegedly owed.

17. In short, Micro Focus has refused to engage in any meaningful discussion or sharing of information to allow NORPAC an opportunity to analyze the claims at issue, and instead, has resorted to pressure, such as false deadlines, and threats of increased penalties if NORPAC pressed the issue further and did not pay the amount demanded by Micro Focus.

18. Given the delay of over six years since the first date of alleged non-compliance and Micro Focus' continued acceptance of payments from NORPAC, NORPAC disputes

PAGE 4 -   COMPLAINT FOR DECLARATORY RELIEF

whether Micro Focus can now demand fees to cover "back usage." NORPAC also disputes the amounts demanded by Micro Focus for NORPAC to allegedly become compliant, especially given Micro Focus' representations that Micro Focus would accept reduced fees. Consequently, there is an actual controversy over NORPAC's rights to use the Micro Focus software, and Micro Focus' ability to claim non-compliance and make monetary demands in the amounts stated.

## FIRST CLAIM FOR RELIEF

(Declaration of Non-infringement of Copyright—28 U.S.C. § 2201)

19. NORPAC incorporates herein by reference each and every allegation contained in paragraphs 1 through 18 above, as though set forth fully herein.

20. NORPAC has not infringed and is not infringing, directly or indirectly, contributorily, vicariously, by inducement or otherwise, any copyright owned by Micro Focus, including any alleged copyright rights that it owns in any Micro Focus software.

21. Even if NORPAC's use of the Micro Focus software did infringe the exclusive copyrights of Micro Focus, NORPAC could not be held liable for copyright infringement, because Micro Focus is barred by the doctrines of laches, waiver, estoppel, and/or other equitable doctrines from enforcing its alleged rights against NORPAC. Micro Focus waited six years before informing NORPAC of its alleged infringement, and, during this six-year delay, Micro Focus continued to accept payments from NORPAC, and enter into new license agreements with NORPAC without ever informing NORPAC as to any alleged non-compliance with license terms.

22. Accordingly, NORPAC requires the judicial determination of rights and duties of the parties under the laws of the United States (including, but not limited to, 17 U.S.C. § 106), and a declaratory judgment that NORPAC's use of the Micro Focus software cannot and does not infringe, directly, contributorily, or vicariously, any valid or protectable copyright held by Micro Focus.

PAGE 5 -   COMPLAINT FOR DECLARATORY RELIEF

23. In the alternative, if the Court determines that NORPAC has infringed Micro Focus's copyright and that the doctrines of laches, waiver, estoppel or other equitable doctrines do not bar Micro Focus' copyright claims, NORPAC seeks a declaration regarding the amount of damages flowing from such alleged infringement, if any.

### PRAYER FOR RELIEF

WHEREFORE, NORPAC demands judgment:

1. That the Court issue a declaration that NORPAC's use of the Micro Focus software does not infringe, directly, contributorily, or vicariously, any valid or protectable copyright held by Micro Focus under the laws of the United States;

2. That NORPAC is not violating any rights of Micro Focus with respect to any copyright at issue;

3. That the Court award NORPAC its reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

4. That NORPAC be awarded its costs and attorneys' fees to the extent permitted by law; and

5. That NORPAC have such other and further relief as the Court deems just and proper.

DATED: October 2, 2012

LANE POWELL PC

By /s/ Kenneth R. Davis II
  Kenneth R. Davis II, OSB No. 971132
  Telephone: 503.778.2121
  Attorneys for Plaintiff

PAGE 6 -  COMPLAINT FOR DECLARATORY RELIEF